ROBERT HEYNE, COMMISSIONER, INDIANA DEPARTMENT OF
CORRECTION, AND ROBERT ROEDER, DIRECTOR, INDIANA
STATE PERSONNEL BOARD, AND INDIANA STATE
PERSONNEL BOARD *v.* CHARLES MABREY, ON BEHALF
OF HIMSELF, AND AS PRESIDENT OF LOCAL 1500,
AMERICAN FEDERATION OF STATE, COUNTY AND
MUNICIPAL EMPLOYEES, AFL-CIO, ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED, AND JASON
HUCKEBY, ON BEHALF OF HIMSELF, AND ALL OTHERS
SIMILARLY SITUATED, AND AMERICAN FEDERATION
OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO, INDIANA COUNCIL 62, BY JOSEPH BOLT,
DIRECTOR, ON BEHALF OF ALL STATE EMPLOYEES.

[No. 2-776A254. Filed December 26, 1978. Rehearing denied
January 25, 1979. Transfer denied May 16, 1979.]

*Theodore L. Sendak,* Attorney General of Indiana, *Alan L. Crapo, Jr.,*
Deputy Attorney General, for appellants.

*Charles S. Brown, Jr., Brown & Brown,* of New Castle, for appellees.

SULLIVAN, J. — This is a class action brought on behalf of approximately 4,834 state employees who were allegedly "demoted" by reason of the State Personnel Board's plan to reclassify the positions and compensation of such employees. The trial court found that the plan violated statutory and constitutional law and therefore enjoined the "demotion" of members of the plaintiff class. In addition, it ordered reinstatement of the former maximum pay range of each plaintiff, restoration of former job titles and compensation for wages lost as a result of the reclassification. Finally, the entire plan was ordered reviewed "to insure that said plan complies with law." This appeal asserts that the trial court's order is contrary to law.[1]

As a result of recommendations from the Governor's Task Force on Position Classification and Salary Administration, the State Personnel Board sought to implement a reclassification of the positions and salaries held by state employees. Both before and after the reclassification, each class of positions was assigned a "pay range," i.e., minimum and maximum rates of pay, together with "such intermediate rates of pay as the director considers necessary or equitable." IC 4-15-2-11 (Burns Code Ed. 1974). As a matter of course, a new employee receives the minimum salary for the position within the particular class. Ind. Admin. Rules and Regs., Rule (4-15-2-11)-3 (Burns Code Ed. 1976). Merit or step increases within the established pay range "shall be dependent upon specific written recommendations and shall be based upon acceptable standards of performance . . ." Ind. Admin. Rules and Regs., Rule (4-15-2-11)-5 (Burns Code Ed. 1976); IC 4-15-2-27 (Burns Code Ed. 1974).

The reclassification resulted in many state employees receiving pay increases. Many others received new and "higher" job designations without any salary increase. However, not all state employees were benefitted by the plan. Indeed, the consequences visited upon 4,834 state employees prompted the initiation of this lawsuit. These employees were reduced in job designation, e.g., from Senior [Computer] Programmer

---

1. No appeal is taken from those trial court orders which enjoined non-compliance with an arbitration decision and which enjoined the Department of Correction from "demoting" its correction officers who did not meet newly implemented minimum educational requirements. Because of the result reached herein, we deem it unnecessary to discuss other of the appellants' allegations of error.

to Computer Programmer IV — Trainee; from Caseworker C-1 to Assistant Caseworker. No employee suffered a reduction in pay, but the effect of the reclassification was to eliminate the possibility of further merit or step increases within a particular job classification. This resulted from the fact that prior to the reclassification, members of the class were not receiving the maximum pay for their positions and thus there was room for further vertical economic movement. When plaintiffs were reclassified to a lower grade, they found themselves receiving a salary equal to or in excess of the maximum pay available for their new positions. As such, they became "locked-in" to the compensation rate received prior to implementation of the plan with no possibility of further step increases (unless, of course, they would be promoted to a new and higher grade).

The plaintiffs contend, and the trial court agreed, that the reclassification was a "demotion" within the meaning of IC 4-15-2-24 (Burns Code Ed. 1974),[2] accomplished in violation of the procedural safeguards guaranteed by IC 4-15-2-34 (Burns Code Ed. 1974). In addition, the trial court found that the "demotion" violated plaintiffs' constitutional rights, apparently on the ground that there existed property rights in the possibility of pay increases which had been denied without due process of law.

---

2.   This statute provides:

"An appointing authority may at any time assign an employee from one position to another position in the same class or rank in his division of the service. Upon making such an assignment the appointing authority shall forthwith give written notice of his action to the director. A transfer of an employee from a position in one division of the service to a position in the same class or rank in another division of the service may be made with the approval of the director and of the appointing authorities of both divisions of the service. No employee shall be transferred from a position in one class to a position in another class of a higher rank or for which there are substantially dissimilar requirements for appointment unless he is appointed to such latter position after certification of his name from a list in accordance with the provisions of this act [4-15-2-1 — 4-15-2-46]. *Any change of an employee from a position in one class to a position in a class of a lower rank shall be considered a demotion* and shall be made only in accordance with the procedure prescribed by sec. 35 [4-15-2-34] of this act for cases of dismissal. An employee thus demoted shall have the right to appeal to the board under sec. 36 [4-15-2-35] of this act." (Emphasis supplied).

See also Ind. Admin. Rules and Regs., Rule (4-15-2-3)-1(U) (Burns Code Ed. 1976): " 'Demotion' means a change of a regular employee from one [1] class to another class having a lower maximum salary rate."

Appellants contend that the trial court misapplied applicable statutory law in that reclassification and demotion are two distinct concepts. They correctly note that only the appointing authority is vested with power to demote an employee, IC 4-15-2-24, whereas the State Personnel Board has been delegated sole authority to review and reclassify employment positions and compensation. IC 4-15-2-11; IC 4-15-2-9 (Burns Code Ed. 1974). A demotion, it is argued, connotes disciplinary action, while reclassification is merely the exercise of delegated authority to insure the efficient and equitable operation of the state merit service system.

We must agree that demotion and reclassification are not synonymous, regardless of the similarities between the consequences flowing therefrom. If the reduction in grade had been accomplished by the appointing authority, it could be said to be a demotion within the meaning of IC 4-15-2-24. However, where the change in status is brought about through a general reclassification by the State Personnel Board, it cannot be considered a demotion. *Davis v. Pennsylvania State Civil Service Commission* (1959), 74 Dauph. 211, 21 D.&C.2d 199, 205.

Plaintiffs have not been reduced in salary nor have their duties changed. Their only complaints relate to the change in job titles and the loss of possible merit or step increases in pay. Under these circumstances, it is difficult to discern any concrete injury sustained by class members. Indeed, it has been held that neither the change in job titles nor the denial of step increase in pay constitute demotion. *Roberson v. District of Columbia Board of Higher Education* (D.C. App. 1976), 359 A.2d 28; *Carls v. Civil Service Commission* (1955), 17 N.J. 215, 111 A.2d 45.

Nor can it be said that plaintiffs have "property rights" in the possibility of step increases in pay. As noted, *supra,* such a pay increase is dependent upon specific written recommendation and based upon acceptable standards of performance. Thus, the step increase is a mere expectancy which falls far short of a "legitimate claim of entitlement." See *Bishop v. Wood* (1976), 426 U.S. 341, 96 S.Ct. 2074, 2077.

In accordance with our interpretation of the State Personnel Act we

quote with approval the following passage from *Carls v. Civil Service Commission, supra:*

> "[Plaintiffs] were at all times [employed] subject to the broad reclassification powers which have been delegated by the Legislature to the [Board] in the interests of sound governmental administration. The incidental dissarrangements which result from bona fide reclassification must readily be subordinated to the greater public good; where the [Board] reasonably exercises its statutory reclassification powers, courts should be careful not to interfere lest they usurp functions entrusted to other branches of government." 111 A.2d at 49.

Therefore, the Order appealed is vacated and the injunction is hereby dissolved.

Buchanan, C.J. and

Shields, J., concur.

NOTE — Reported at 383 N.E.2d 464.