The **INDIANA VETERANS' HOME**, Appellant (Petitioner below),

v.

**Norma P. ORR and Helen Russell,** Appellees (Respondents below).

No. 2–382A90.

Court of Appeals of Indiana, Second District.

Sept. 29, 1982.

Rehearing Denied Oct. 28, 1982.

Linley E. Pearson, Atty. Gen., Daniel P. Miller, Deputy Atty. Gen., Indianapolis, for appellant.

Nancy S. Brown, Brown & Brown, New Castle, for appellees.

SHIELDS, Judge.

The Indiana Veterans' Home (Home) by the Attorney General of Indiana appeals the trial court's refusal to vacate an arbitration award which ordered merit pay raises for the appellees, Norma Orr (Orr) and Helen Russell (Russell), employees of the Home.

The sole issue presented on appeal is whether an employee's failure to receive a merit increase in salary is an arbitrable issue.

We affirm.

### FACTS

The Home employs Orr and Russell in its laundry. Orr and Russell were informed they were to be denied their merit raises scheduled for July 1980.

The two began their grievance process, following the steps laid out in I.C. 4–15–2–35 (Burns Code Ed., 1974), which, after denials of their complaints by their immediate supervisor, the intermediate supervisor, the appointing authority, the state personnel director, and the State Employees Appeals Commission, resulted in a hearing before an arbitrator. The arbitrator heard evidence on the matter and found in favor of the employees. The arbitrator awarded Orr and Russell their merit raises effective July 1980.

## DECISION

The Home argues the arbitrator did not have jurisdiction to consider the complaints because a merit raise is a future property right to which employees do not have a legitimate claim of entitlement. Citing *Heyne v. Mabrey,* (1978) Ind.App., 383 N.E.2d 464, Home asserts the denial of a step pay increase is not a

> "property right which would afford state-merit employees the right of an appeal under the State Personnel Act ... [and therefore they] do not have a remedy pursuant to I.C. 4–15–2–35 ....
>
> As a mere expectancy, a denial of a step pay increase in salary would not constitute either an involuntary change in status nor [sic] an unsatisfactory condition of employment."

Appellant's brief at 16.

*Heyne* is not on point. Rather than following the complaint procedure, the employee in *Heyne* instituted a class action on behalf of state employees who were allegedly "demoted" by a reclassification of positions and salary in violation of a statutory provision which requires notice, in writing, of the reasons for a demotion and in violation of the due process clause of the constitution because a property right was taken from them without a prior hearing. This court disagreed, holding the reclassification was not a demotion, therefore the required statutory notice provision was inapplicable. The court further held the reclassification was not an unconstitutional deprivation of property without a due proc-

ess hearing because a property right was not involved. The case did not involve, nor did this court address, the prerequisites to an arbitrable matter under I.C. 4–15–2–35.

A case on point is *Fromuth v. State ex rel. Ind. State Emp. Ass'n.,* (1977) 174 Ind. App. 280, 367 N.E.2d 29. In *Fromuth,* certain employees of the Department of Correction, declared ineligible for a maximum security pay increase because they filled positions which required a college degree, followed the complaint procedure set forth in I.C. 4–15–2–35. Eventually their complaint was brought before the State Personnel Director who denied it. The employees appealed the decision to the State Employees Appeals Commission who reversed the decision of the State Personnel Director and recommended the employees retroactively receive the maximum security pay increase. When the State Personnel Board refused to follow the recommendation of the Appeals Commission, the employees brought an action for mandate.

On appeal the state contended occupational classifications and salaries of the employees were matters exclusively within the control of the State Personnel Board and the Budget Agency and therefore the Appeals Commission did not have power pursuant to I.C. 4–15–2–35 to make a recommendation. This court disagreed and held, while the State Personnel Board and Budget Agency are exclusively empowered to classify occupations and set salaries, nevertheless, the denial of the salary increase fell within the remedy provided employees by I.C. 4–15–2–35.

The dispositive issues in *Fromuth* and *Heyne* are fundamentally dissimilar in that the legislature may make a certain grievance an arbitrable matter even though the grievance might not rise to the level of a property interest subject to the procedural protection of the due process clause, nor constitute a "demotion" subject to notice requirements within the meaning of I.C. 4–15–2–24 (Burns Code Ed., 1974). Unlike *Heyne,* the present case does not involve whether a complaint is of such a property-like character as to require a due process

hearing before the complaint is denied by the state, nor does it involve procedural safeguards attendant to a "demotion." Rather, as in *Fromuth,* the instant case merely concerns whether a specific grievance is within the provisions of I.C. 4–15–2–35.

*Fromuth* and the instant case are factually similar. Where the raises were dependent on the lack of educational qualifications in *Fromuth,* here the raises were dependent on merit. In both cases raises were given to some, but not to all. Orr and Russell suffered a "non-classification" analogous to the employees in *Fromuth* in that both were not considered or "classified" as employees with an acceptable standard of performance thereby being eligible for a merit pay increase.

Therefore, we conclude the employees met the requirements of I.C. 4–15–2–35 and were entitled to submit their complaint to the State Employees Appeals Commission. Thereafter, by the provisions of that same statute, the employees were entitled to submit their complaint to arbitration, *i.e.,* the arbitrator had "jurisdiction."

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.