

**FILED**

Mar 09 2015, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS

Elizabeth M. Bartolucci
Heather Keil
O'Hagan LLC
Chicago Illinois

ATTORNEYS FOR APPELLEE

Heather M. Crockett
Kurt D. Hammel
John Edward Frank
Office of the Indiana Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Manuel Montalvo, et. al., | March 9, 2015 |
| *Appellants-Defendants,* | Court of Appeals Case No. 45A03-1312-PL-495 |
| v. | Appeal from the Lake Superior Court The Honorable John R. Pera, Judge Case No. 45D10-1204-PL-31 |
| State of Indiana, ex rel. Gregory F. Zoeller, Attorney General of Indiana, | |
| *Appellee-Plaintiff* | |

**Crone, Judge.**

# Case Summary

Hector Cavazos, Clifton Johnson, Gary McCracken, and Aldolfo Velez ("the Appellants") appeal the trial court's entry of partial summary judgment in favor of the State of Indiana on the State's claim to recover public funds. At all relevant times, the Appellants were members of the East Chicago Public Library Board ("the Library Board").[1] The State filed a complaint to recover funds alleging that, in exchange for their service on the Library Board, the Appellants received the payment of health, dental, vision, and life insurance premiums on their behalf, in violation of Indiana Code Section 36-12-2-21, which states that "[a] member of a library board shall serve without compensation." After the State filed a motion for partial summary judgment and the Appellants filed a cross-motion for summary judgment, the trial court granted the State's motion. In entering partial summary judgment in the State's favor, the trial court concluded as a matter of law that the term "compensation" includes the payment of insurance premiums, and therefore the Appellants' receipt of such compensation in exchange for their service was in violation of statutory law and constituted the misappropriation of public funds. Accordingly, the trial court entered money judgments against each of the Appellants for the reimbursement of those funds. The sole issue presented for our review is whether the trial court erred in granting the State's motion for

---

[1] We note that several other Library Board members named as defendants below, including Manuel Montalvo, whose name appears in the case caption, are no longer parties to this lawsuit.

partial summary judgment. Concluding that the State is entitled to judgment as a matter of law, we affirm the trial court's entry of partial summary judgment in favor of the State.

## Facts and Procedural History

The relevant material facts are undisputed. The State Board of Accounts ("the SBOA") conducted an audit and supplemental audit of the East Chicago Public Library for the period of January 1, 2008 to December 31, 2010.[2] During the audit period, the Appellants were members of the Library Board and each received the payment of insurance premiums for health, dental, vision, and life insurance in exchange for their service on the Library Board. The SBOA referred the audit reports to the Office of the Attorney General of Indiana. On April 18, 2011, the State filed a "Complaint to Recover Public Funds" alleging that the Appellants had misappropriated public funds. Specifically, the State asserted that the Appellants received the payment of health, dental, vision, and life insurance premiums in exchange for their service on the Library Board in violation of Indiana Code Section 36-12-2-21, which states in pertinent part that "[a] member of a library board shall serve without compensation." The Appellants filed a motion to dismiss, which was denied by the trial court.

---

[2] Although the record indicates that the SBOA conducted prior audits of the East Chicago Public Library, those audits are not relevant for the resolution of the particular issues addressed herein.

[3]     Thereafter, the State filed its motion for partial summary judgment asserting, as a matter of law, that insurance premiums are compensation, and therefore the Appellants misappropriated public funds in receiving such compensation in exchange for their service on the Library Board in violation of Indiana Code Section 36-12-2-21. The Appellants filed a cross-motion for summary judgment arguing, as a matter of law, that insurance premiums are not compensation and that the Appellants were not prohibited from having their insurance premiums paid in exchange for their service on the Library Board.

[4]     Following a hearing on both motions, the trial court granted the State's motion for partial summary judgment. In its order, the trial court found and concluded,

> 1.      Indiana Code § 36-12-2-21 states that "[a] member of a library board shall serve without compensation."
>
> 2.      Compensation, in its plain and ordinary usage, includes premiums for health, dental, vision, and life insurance.
>
> 3.      The [Library Board] approved the payment of health, dental, vision, and life insurance premiums for its members in exchange for their service on the [Library Board]. The following board members received premiums (or premiums were paid on their behalf) in the amounts listed below from January 1, 2008 to December 31, 2010:
>
> | Board Member | Total Insurance Premiums |
> | --- | --- |
> | Clifton Johnson | $52,636.26 |
> | Gary McCracken | $24,604.76 |
> | Hector Cavazos | $27,965.53 |
> | Aldolfo Velez | $31,673.49 |
>
> 4.      The payment and/or receipt of premiums for health, dental, vision, and life insurance constitutes compensation to the members of

the [Library Board]. The receipt of compensation in exchange for service on the [Library Board] violates Ind. Code § 36-12-2-21.

5. Because the payment of premiums for health, dental, vision, and life insurance was made with public funds, and because the payment and/or receipt of those premiums violated Indiana law, [the Appellants] misappropriated the public funds of the East Chicago Public Library.

6. Thus, summary judgment should be entered for the State of Indiana and against [the Appellants].

Appellants' App. at 24-26. Accordingly, the trial court entered partial summary judgment in favor of the State and awarded the State money judgments against each of the Appellants in the amount of the total insurance premiums received by each, plus costs and interest from the date of the judgment until paid in full. This appeal ensued.

# Discussion and Decision

The Appellants challenge the trial court's grant of the State's motion for partial summary judgment. Our supreme court recently reiterated,

> The standard of review for a partial summary judgment is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Where the challenge to the trial court's ruling presents only legal issues, not factual ones, the issues are reviewed *de novo*.

*Ballard v. Lewis*, 8 N.E.3d 190, 193 (Ind. 2014) (citations omitted). Where the trial court enters specific findings of fact and conclusions thereon in support of its decision, although they aid our review of the summary judgment ruling, they

are not binding upon us. *Evansville Courier & Press v. Vanderburgh Cnty. Health Dep't*, 17 N.E.3d 922, 927 (Ind. 2014). "Pure questions of law, like the issues of statutory construction we address here, are particularly appropriate for summary resolution, and we review them de novo." *Id.* (citations omitted).

[6] The crux of the parties' dispute is the meaning of the term "compensation" as used in Indiana Code Section 36-12-2-21. That section, entitled "Compensation of library board members," states, "A member of a library board shall serve without compensation. A board member may not serve as a paid employee of the public library, except the treasurer as provided in section 22 of this chapter." Ind. Code § 36-12-2-21. The State asserts that insurance premiums are compensation, and therefore the Appellants' receipt of those premiums in exchange for their service was in violation of Indiana law and constituted the misappropriation of public funds. The Appellants assert that insurance premiums are not compensation, and therefore they were not statutorily prohibited from receiving them.

[7] When interpreting statutes, our primary purpose is to give effect to the intent of the legislature. *F.D. v. Ind. Dep't of Child Servs.*, 1 N.E.3d 131, 136 (Ind. 2013). "The first step in interpreting a statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question." *Sees v. Bank One, Ind., N.A.*, 839 N.E.2d 154, 157 (Ind. 2005). If the statute is clear and unambiguous, we need not apply any rules of statutory construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. *Id.* If the legislature has not defined a word, we may properly consult

English dictionaries to determine the plain and ordinary meaning of words. *Naugle v. Beech Grove City Schs.*, 864 N.E.2d 1058, 1068 (Ind. 2007). We review the statute as a whole and will presume that the legislature intended for the statutory language used to be applied in a logical and not an absurd manner. *In re Resnover*, 979 N.E.2d 668, 674 (Ind. Ct. App. 2012). Clear and unambiguous statutes leave no room for judicial construction. *Terkosky v. Ind. Dep't of Educ.*, 996 N.E.2d 832, 842 (Ind. Ct. App. 2013).

[8] We find the statutory language at issue here to be unambiguous. The legislature has proclaimed that a public library board member shall render his or her service "without compensation." Ind. Code § 36-12-2-21. Because the legislature did not define the broad term "compensation" used in Article 12 regarding libraries, we look to its plain and ordinary meaning. "Compensation" is defined as "[r]emuneration *and other benefits* received in return for services rendered." BLACK'S LAW DICTIONARY (10th ed. 2014) (emphasis added). Ordinarily, this includes "wages, stock option plans, profit-sharing, commissions, bonuses, golden parachutes, vacation, sick pay, medical benefits, disability, leaves of absence, and expense reimbursement." *Id*. (citing Kurt H. Decker & H. Thomas Felix II, *Drafting and Revising Employment Contracts*, § 3.17 at 68 (1991)). Thus, pursuant to a plain reading of the statutory language, the payment of premiums for health, dental, vision, and life insurance constitutes compensation, and the Appellants' receipt of such compensation in

exchange for their service on the Library Board violated Indiana Code Section 36-12-2-21.[3]

[9] We disagree with the Appellants' assertion that the requirement that public library board members serve "without compensation" means only that, with the exception of the treasurer, they may not be paid employees of the library and receive a salary, but that insurance premiums and other fringe benefits are not strictly prohibited. Appellant's Br. at 24. The Appellants argue that the second sentence of Section 21, which provides that a library board member "may not serve as a paid employee of the public library," was intended to substantially narrow the meaning of the term "compensation" in the preceding sentence to the receipt of salary alone. This reading of the statutory language belies common sense and ignores the legislature's use of separate and distinct sentences intended to convey wholly unique directives. The plain meaning of the statutory section read in its entirety is twofold: (1) a library board member may not receive compensation in exchange for service, and (2) paid employees of the library cannot serve on the board, with the exception of the treasurer. Contrary to the Appellants' assertion, there is no language in this statutory section limiting the term compensation to anything other than its plain,

---

[3] This definition of compensation is consistent with other articles of Title 36. *See* Ind. Code § 36-5-3-6 (regarding elected town officers, "'compensation' means the total of all money paid to an elected town officer for performing duties as a town officer" and includes "all employee benefits paid to a town officer, including life insurance, health insurance, disability insurance, retirement benefits, and pension benefits.")

ordinary, and usual meaning, which includes the payment of insurance premiums.[4]

[10] We further disagree with the Appellants' argument that another section of Article 12, Chapter 2 that uses the term "compensation" contains language that our legislature expressly intended to limit the term to salary alone. Specifically, the Appellants direct us to Indiana Code Section 36-12-2-22(b), regarding the treasurer of the library, which provides that the library board "may fix the rate of compensation for the services of the treasurer." The Appellants insist that the use of the word "rate" in conjunction with "compensation" implies that "compensation" refers only to an amount paid at a certain hourly rate, such as a salary, and not to other fringe benefits. Appellants' Br. at 24. We acknowledge that the word "rate" would not typically be used when discussing the payment of insurance premiums. However, we see no reason why that word could not and should not be used as it was here to refer to the payment of compensation to the library treasurer, as such compensation could include both salary *and* insurance premiums that the treasurer has been clearly authorized to receive if he or she happens to also be a paid employee of the library. *See* Ind.

---

[4] We reject the Appellants' reliance on the Home Rule Act as authority for the Library Board's payment of insurance premiums to its members. The Home Rule Act grants a local governmental unit all powers granted by statute and "all other powers necessary or desirable in the conduct of its affairs, even though not granted by statute." Ind. Code § 36-1-3-4(b). However, a governmental unit may only exercise any power it has to the extent that the power is not expressly denied by the Indiana Constitution or by statute. Ind. Code § 36-1-3-5(a). As we have stated, pursuant to Indiana Code Section 36-12-2-21, the legislature has expressly denied the Library Board the power to provide compensation, which includes insurance premiums, to its members in exchange for their service. Thus, the Home Rule Act is inapplicable.

Code § 36-12-2-21 (providing that paid employees of library may not serve on library board, with exception of treasurer); *see also* Ind. Code § 36-12-2-22 (providing that library board shall elect library treasurer who may be either member of library board or employee of library).

[11] Although not cited by the Appellants, we note that another section of Article12, Chapter 2, provides additional support for our conclusion that the legislature did not intend to restrict the plain and ordinary definition of compensation to salary alone. Regarding the employment of library personnel, our legislature has provided in relevant part that the Library Board shall "fix and pay the compensation" and "classify and adopt schedules of salaries" of the librarians and other individuals. Ind. Code § 36-12-2-24(b). This section suggests that compensation and salary are not meant to be interchangeable terms as the Appellants suggest.

[12] Having determined as a matter of law that the Appellants received compensation in exchange for their service on the Library Board in violation of Indiana Code Section 36-12-2-21, we turn to the Appellants' claim that a genuine issue of fact remains for trial regarding their knowledge as to the "wrongfulness" of their conduct. Appellants' Reply Br. at 2. Specifically, the Appellants argue that Library Board members had been receiving insurance premiums for many years and that, although the SBOA clearly discovered this practice in prior audits, the SBOA never before submitted a report to the attorney general for prosecution. Thus, the Appellants claim that they were misled by the SBOA's prior inaction and that they were without knowledge that

they were prohibited from receiving the payment of insurance premiums in exchange for their service on the Library Board.

[13] However, the Appellants' knowledge as to the wrongfulness of their conduct is irrelevant for purposes of this appeal. Indiana Code Section 5-11-6-3 gives the attorney general authority to institute and prosecute civil proceedings if an examination or investigation reveals "that any public money" has been "unlawfully expended, either by having been expended for a purpose not authorized by law in an amount exceeding that authorized by law, or by having been paid to a person not lawfully entitled to receive it[.]" Moreover, Indiana Code Section 5-11-5-1 provides that once a signed and verified report of examination by the SBOA revealing an entity's failure to comply with a specific law has been placed by the state examiner with the attorney general, the attorney general "shall diligently institute and prosecute civil proceedings" against any "proper person that will secure to the state or to the proper municipality the recovery of any funds misappropriated, diverted or unaccounted for."

[14] In other words, if public funds have been misappropriated or diverted, the State may seek and secure the recovery of those funds. This authority is irrespective of whether the person who wrongfully received public money knew that he or

she was not lawfully entitled to receive it.[5] We recognize that such unfettered discretion by our attorney general in prosecuting civil proceedings to recover funds may lead to seemingly harsh results, as it did here. However, it is not within the province of the trial court or this Court to second-guess such decisions. Because the undisputed material facts establish that public money was unlawfully expended for the insurance premiums of the Appellants, the trial court properly entered partial summary judgment in favor of the State and money judgments against each of the Appellants for the recovery of those funds. The trial court's judgment is affirmed.

[15]  Affirmed.

Friedlander, J., and Kirsch, J., concur.

---

[5] We note that although not relevant for purposes of this appeal, the Appellants' knowledge or lack thereof as to the wrongfulness of their conduct is relevant regarding the State's claim for treble damages. *See* Ind. Code § 5-11-5-4 (the State shall be entitled to recover, in addition to the amount misappropriated, all such penalties and interest as might be recoverable under laws other than this chapter); Ind. Code § 35-43-4-3 (a person who knowingly or intentionally exerts unauthorized control over the property of another person commits conversion); Ind. Code § 34-24-3-1 (a person who suffers a pecuniary loss as a result of a violation of IC 35-43 may bring a civil action against the person who caused the loss for treble damages). Because the State's claim for treble damages is not a subject of the current appeal from the trial court's entry of partial summary judgment, we do not address it.